DECHERT LLP
Jonathan D.J. Loeb (State Bar No. 211749)
Charles Hsu (State Bar No. 328798)
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306-2112
(650) 813-4995
jonathan.loeb@dechert.com
charles.hsu@dechert.com

Katherine A. Helm
*Pro Hac Vice*
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3559
khelm@dechert.com

George G. Gordon
Sharon K. Gagliardi
*Pro Hac Vice*
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
(215) 994-2278
george.gordon@dechert.com
sharon.gagliardi@dechert.com

*Attorneys for Applicants Eli Lilly and Company; Eli Lilly Italia S.p.A; Eli Lilly Kinsale Limited; Eli Lilly Ges.m.b.H.; and Eli Lilly Nederland B.V.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Ex Parte Application* of | Case No. 4:21-mc-80145-YGR |
| Eli Lilly and Company; Eli Lilly Italia S.p.A; Eli Lilly Kinsale Limited; Eli Lilly Ges.m.b.H.; and Eli Lilly Nederland B.V., | **LILLY'S UNOPPOSED ADMINISTRATIVE MOTION FOR ORDER CHANGING TIME SEEKING A DECISION WITHOUT A HEARING, OR IN THE ALTERNATIVE, TO EXPEDITE THE HEARING DATE** |
| Applicants, | |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings | **DATE (if necessary):** December 7, 2021<br>**TIME:** 2:00 PM |

## I.     INTRODUCTION

Applicants Eli Lilly and Company; Eli Lilly Italia S.p.A; Eli Lilly Kinsale Limited; Eli Lilly Ges.m.b.H.; and Eli Lilly Nederland B.V. (collectively, "Lilly") hereby file, pursuant to Civil Local Rules 6-3 and 7-11, a Motion for Administrative Relief to request that Lilly's Unopposed Motion to Amend the Protective Order (Dkt. No. 36), filed November 19, 2021, be decided expeditiously, without hearing, or in the alternative be heard on December 7, 2021 at 2 p.m. ("Administrative Motion").

## II.    FACTUAL BACKGROUND

On November 19, 2021, Lilly filed an Unopposed Motion to Amend the Protective Order ("Motion to Amend the Protective Order") seeking to (1) permit counsel to use confidential materials produced by Genentech in Novartis' recently filed patent infringement action in Switzerland; and (2) to conform the Protective Order to Paragraph 8(c) of this Court's Standing Order. Dkt. No. 36. As described in the Motion to Amend the Protective Order, Novartis filed a new patent infringement action in Federal Patent Court, Switzerland against Eli Lilly (Suisse) SA on November 9, 2021 seeking a preliminary injunction ("Swiss PI Action") and Lilly's response is currently due on December 23, 2021. The amendment to the Protective Order will permit Lilly's Outside Counsel of Record in the Swiss proceedings, as well as the Swiss tribunal to view information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" under the Protective Order. On November 22, 2021, the Court set Lilly's Motion to be heard on December 28, 2021. On November 29, 2021, Lilly received oral confirmation from the Federal Patent Court that its request for an extension was granted and its response is now due on December 23, 2021. Declaration of Jonathan D.J. Loeb (submitted herewith) ¶3. Under the current schedule for Docket No. 36, Lilly will be unable to share Genentech's confidential production with its Swiss counsel before its response to Novartis's request for a preliminary injunction is due.

On November 24, 2021, counsel for Lilly met and conferred with counsel for Novartis and Genentech regarding whether Novartis and Genentech would agree to a Stipulation for an Order Changing Time in order to expedite a decision on the motion so Lilly's Swiss counsel might have

access to the Genentech document production before Lilly's Preliminary Injunction Response is due. While Genentech noted that it does not oppose a stipulation in principle, both Genentech and Novartis indicated that such a Stipulation would require their client's approval, which would likely take place after the Thanksgiving holidays. Given the urgency, counsel for Genentech suggested that Lilly file an Administrative Motion and indicated that it would not oppose such a motion. Loeb Decl. ¶5. Over the holiday weekend, Novartis confirmed that it also does not oppose this motion. *Id*.

### III. ARGUMENT

Good cause exists for Lilly's Administrative Motion. Under the current Protective Order, Lilly is unable to share any designated material with its Swiss counsel. Because Lilly's response in the Swiss PI Action is due on December 23, 2021, an Order on Lilly's Motion to Amend the Protective Order issued after that date would cause substantial harm to Lilly, as Lilly's Swiss counsel would be unable to review, and potentially cite, the materials produced under the Protective Order in support of their submission. If Lilly's Motion to Amend were heard and granted in the normal course, the Order may come too late to allow Lilly to adequately respond to Novartis' request for a preliminary injunction in Switzerland. In addition, both Lilly's Motion to Amend the Protective Order and this Administrative Motion are unopposed by Novartis and Genentech. Granting this Administrative Motion would permit Lilly's foreign counsel timely use of confidential materials already produced by Genentech to defend against Novartis' recently filed patent infringement action in Switzerland.

### IV. CONCLUSION

For the reasons stated above, Lilly respectfully requests that the Court grant its Administrative Motion requesting that Lilly's Unopposed Motion to Amend the Protective Order (Dkt. No. 36), filed November 19, 2021, be decided expeditiously, without hearing, or in the alternative be heard on December 7, 2021 at 2 p.m.

Dated: November 29, 2021

By: */s/ Jonathan D.J. Loeb*
Katherine A. Helm
*Pro Hac Vice*
Jonathan D.J. Loeb
State Bar No. 211749
Charles Hsu
State Bar No. 328798
Sharon K. Gagliardi
*Pro Hac Vice*
George Gordon
*Pro Hac Vice*
DECHERT LLP
*Counsel for Applicants Eli Lilly and Company; Eli Lilly Italia S.p.A; Eli Lilly Kinsale Limited; Eli Lilly Ges.m.b.H.; and Eli Lilly Nederland B.V.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 29, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule 5-1(g)(1).

      I further certify that on November 29, 2021, a copy of this document was emailed and mailed by first-class U.S. Mail, postage prepaid, to counsel for Genentech, addressed as indicated:

Jennifer A. Huber
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
jhuber@keker.com

                              /s/ *Jonathan D.J. Loeb*
                              Jonathan D.J. Loeb